In the Matter of CHARLES J. WILCOX, as District Attorney of Rensselaer County, Petitioner, v M. ANDREW DWYER, JR., as Judge of the County Court of Rensselaer County, et al., Respondents.

Third Department, January 25, 1979

### APPEARANCES OF COUNSEL

*Robert L. Adams* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Lawrence L. Doolittle* of counsel), for M. Andrew Dwyer, Jr., respondent.

*Jerome K. Frost* for Charise Philips, respondent.

*John J. Sweeney, Jr.,* for Clinton Saddlemire, respondent.

### OPINION OF THE COURT

SWEENEY, J.

There is no substantial factual dispute. After a jury trial of two individuals on various sex-related charges, they were convicted of certain misdemeanors, but acquitted on the more serious felony counts. Thereafter, presentencing reports were prepared on both defendants. Pursuant to CPL 390.50 (subd 2), petitioner moved to examine the reports if they were made available to the defendants. Respondent Dwyer advised petitioner that he would make the reports available to defendants' attorneys but would not release them to petitioner since

the People were not entitled to such disclosure. Respondent Dwyer also stated, in substance, that any future applications would be similarly denied in every case during the remaining 10 years of his term of office. The instant proceeding was commenced by order to show cause signed by Justice KANE of this court, wherein petitioner specifically seeks to prohibit respondent Dwyer from sentencing the defendants unless he allows the People access to the presentencing reports. Petitioner also seeks a judgment requiring respondent Dwyer to provide the People with the reports in question "and to provide such reports in all future cases where presentencing reports are made available to defendants or their attorneys".

Preliminarily, respondents raise three procedural objections relative to the validity of the manner in which this proceeding was commenced. We have carefully examined each and on this record reject all as inconsequential.

A resolution of this controversy necessitates an examination and construction of CPL 390.50 (subd 2), which provides, in part, as follows: "The presentence report or memorandum shall be made available by the court for examination by the defendant's attorney, or the defendant himself, if he has no attorney, in which event the prosecutor shall also be permitted to examine the report or memoranda." Respondent Dwyer concluded that the language requires that a prosecutor be permitted to examine a presentence report *only* when such is made available to the defendant himself and not where, as here, only the defendant's attorney could be authorized to examine the report. Petitioner contends otherwise and maintains that if defendants or their attorneys are authorized to inspect the reports the inspection must be reciprocal.

Before we reach the merits, however, we must first determine whether prohibition will be permitted to review respondent Dwyer's determination. Such a situation was considered by the Court of Appeals in *La Rocca v Lane* (37 NY2d 575), wherein the relevant factors to be considered were outlined. Among the factors mentioned were the gravity of the harm which would be caused by the excess of power and whether the court's determination may be adequately reviewed on appeal or by other proceedings. We are of the view that it is most doubtful that the ruling in question would be reviewable either by appeal or by other means. As to the other factor, it is most significant that respondent Dwyer has stated that he will *never* permit inspection by the People

during his term of office. Such a restriction in all future cases could unduly hamper the petitioner in the performance of his duties. This is particularly so since the statute grants the District Attorney the absolute right to address the court on factors relevant to sentence (CPL 380.50). Since there is genuine disagreement as to the intent of this statute, it should be speedily clarified, not only for the benefit of petitioner and respondent, but for the Bar and any future defendant.

■ Passing to the merits, we initially note that our research fails to reveal any case construing the language here in issue. While there clearly is some ambiguity due to imprecise drafting (see Bellacosa, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 390.50, Pocket Part, p 36), common sense, logic and basic fairness dictate that there be reciprocal examination where the defendant's attorney has been afforded the right of examination. Furthermore, this conclusion is bolstered by a reference to the supporting memorandum to the 1975 amendment to CPL 390.50 wherein it is stated that the source of the legislation is the American Bar Association Standards Relative to Sentencing Alternatives and Procedures. (See NY Legis Ann, 1975, p 42.) The pertinent language of the ABA proposal states, in substance, that "the prosecution should also be shown the report if it is shown to the defense". (American Bar Association, Standards Relating to Sentencing Alternatives and Procedures [Approved Draft, 1968], § 4.4, subd [b].) Respondent Dwyer, therefore, erred in his construction of the statute.

The petition should be granted, without costs, to the extent of prohibiting the respondent Dwyer from disclosing to defense counsel the presentence reports of respondents Saddlemire and Philips unless such reports are also made available for inspection by the People.

HERLIHY, J. (dissenting). I agree that the District Attorney or the prosecutor should see the presentence reports but it is for the Legislature to say so and should not be accomplished by some form of judicial fiat. It is an unauthorized invasion of the powers of the Legislature.

As to the procedural issue, in the present context I seriously question the right to the relief by prohibition or mandamus or both. The statute in question, CPL 390.50 (subd 2) provides "[t]he action of the court excepting information from disclosure shall be subject to appellate review." However, inasmuch

as the majority has decided the merits, it is not necessary for me to decide the procedural issue.

The statute in question is clear and unambiguous. It sets forth the conditions under which the prosecutor shall be permitted to examine the report, which conditions are not pertinent to the present circumstance. I cannot state that the statute was imprecisely drafted or that common sense, logic or basic fairness dictate adding something to the statute which was knowingly enacted by the Legislature. It is one thing to interpret a statute; it is quite another to amend a statute.

Further, the Legislature enacted chapter 531 of the Laws of 1975 amending CPL 160.40 and 530.20 providing for courts to furnish copies of certain reports to the defendant or his counsel. It is notable that while the said CPL 160.40 expressly provided that the police or a recipient agency must furnish a copy of a specified report to the District Attorney, CPL 530.20 made no such provision for a "police department report".

It should be noted that the use of language which upon its face limits disclosure as to the People was part of the commentary (1975) in the widely published Practice Commentary of Joseph W. Bellacosa (McKinney's Cons Laws of NY, Book 11A, CPL 390.50, Pocket Part, p 36). Nevertheless, the Legislature, to date, has not amended the section.

With reference to the comments of the majority concerning Judge Dwyer's 10-year projection, it is true that at times Judges are referred to as oracles, but I do not believe the good Judge was tracking a 10-year course. Even an oracle would refrain from such predictions in this ever changing world. In any event, it does not involve the issue of statutory construction with which the court is concerned and the Judge might rightfully have been subject to criticism had he given the report to the prosecution.

For the reasons set forth, I would deny the petition.

MAHONEY, P. J., KANE and STALEY, JR., JJ., concur with SWEENEY, J.; HERLIHY, J., dissents and votes to deny the petition in an opinion.

Petition granted, without costs, to the extent of prohibiting the respondent Dwyer from disclosing to defense counsel the presentence reports of respondents Saddlemire and Philips unless such reports are also made available for inspection by the People.