◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLINTON SADDLE-MIRE and CHARISSE PHILIPS, Respondents. — Appeal from a judgment of the County Court of Rensselaer County, rendered February 14, 1980, which sentenced defendant Saddlemire to concurrent terms of imprisonment of three months and one year and defendant Philips to two concurrent terms of three years' probation, following defendants' convictions of the crimes of endangering the welfare of a child and consensual sodomy. This matter was previously before us in *Matter of Wilcox v Dwyer* (66 AD2d 1, revd on other grounds 48 NY2d 1003) and the pertinent underlying facts are set forth in our earlier decision. On this appeal, the same basic question is presented, to wit: does CPL 390.50 (subd 2) entitle the prosecution to disclosure of a defendant's presentence report where the sentencing court makes the subject report available to defense counsel. For the reasons set forth in our earlier decision, we continue to adhere to our original conclusion that common sense, logic and basic fairness all require that the prosecution be allowed to examine presentence reports in circumstances where the report is made available to defense counsel.

We would only add that our holding is further buttressed by consideration of CPL 400.10 (subd 2) which provides that the prosecutor must be afforded an opportunity to participate in presentence conferences which are held to resolve discrepancies between a presentence report and a presentence memorandum submitted by a defendant. Lastly, we would point out that our previous ruling to this effect was reversed solely on the ground that it was error for this court to have entertained the application for article 78 relief in the nature of prohibition. In its decision, the Court of Appeals made it clear that the People could properly raise the question at issue here by direct appeal from the judgment of the sentencing court (see *Matter of Wilcox v Dwyer*, 48 NY2d 1003, 1004, *supra*). Judgment reversed, on the law, and matter remitted to County Court for resentencing of defendants in accordance herewith. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.